[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court, after hearing and reviewing the evidence presented by the parties, makes the findings and enters the orders hereinafter articulated.
The defendant, whose maiden name was Eileen Frances Colgan, and plaintiff Ernest Leroy Harrington II were married in Enfield, Connecticut on June 22, 1968.
The residential jurisdictional prerequisite to this dissolution action has been satisfied.
Two children were born issue of the marriage both of whom are in the age of majority.
The marriage of the parties has broken down irretrievably, said marriage is dissolved, and the parties hereby are declared single and unmarried.
During the marriage the parties acquired an estate which includes stocks, life insurance, deposits in bank accounts, automobiles, as well as the marital home at 34 Hampden Road in Somers, Connecticut, hereinafter referred to as the marital CT Page 9676 premises.
From the evidence presented, the court finds that defendant Eileen Harrington received from her family certain monetary gifts, $37,500 of which was contributed by her toward the acquisition of the parties' marital assets. The parties acknowledge and the court finds it equitable for the distribution of marital assets to account for said contributions.
The court is called upon and must make an equitable distribution of such assets.
I. MARITAL PREMISES
As to premises at 34 Hampton Road, Somers, Connecticut, also known as the marital premises, plaintiff Ernest L. Harrington shall have the right on or before February 28, 1992 to purchase the interest of defendant Eileen F. Harrington in said marital premises by tendering to her cash or certified funds in the amount of $100,800. Plaintiff Ernest L. Harrington shall be solely responsible for and hold defendant Eileen Harrington harmless as to the $22,000 mortgage presently secured on said premises.
In the event that plaintiff Ernest L. Harrington purchases defendant Eileen Harrington's interest in the marital premises as aforesaid, the plaintiff shall execute a note to the defendant in the amount of $34,500 at 8 percent interest amortized over 15 years and payable monthly, commencing January 1, 1991. This note may be prepaid with interest and shall be secured by a mortgage on said premises.
If the plaintiff does not purchase the defendant's interest in the marital premises by February 28, 1992, said premises shall be listed immediately thereafter for sale.
Upon the sale of the marital house, the net proceeds realized from the sale after the payment of the mortgage obligations, other present encumbrances, the real estate estate brokerage commission and reasonable closing costs, including reasonable attorney's fees, shall be divided and disbursed as follows: 1) The plaintiff Ernest L. Harrington shall pay to defendant Eileen Harrington from the net proceed $45,000 plus 8 percent interest thereon from today's date to the date of closing, and 2) the remaining funds shall be divided 40 percent to the plaintiff and 60 percent to the defendant.
II. STOCKS AND OTHER ACCOUNTS CT Page 9677
Plaintiff Ernest L. Harrington shall transfer to the defendant Eileen Harrington the entirety of his interest in the C.H. Dexter and Gerber Scientific stocks listed on his financial affidavit.
III. LIFE INSURANCE
The plaintiff shall maintain a life insurance policy in the amount of $50,000 naming the defendant as the irrevocable beneficiary thereof until December 31, 2001.
IV. ALIMONY
Plaintiff Ernest L. Harrington shall pay to the defendant Eileen Harrington alimony in the amount of $25.00 per week for a term of seven years. Said alimony is non-modifiable as to term and amount.
V. AUTOMOBILES
The plaintiff shall keep his 1991 Jeep and the defendant shall keep her 1986 Oldsmobile.
VI. OTHER ASSETS AND LIABILITIES
All other assets and liabilities are attributable to the parties in accordance with the listing on their respective financial affidavits.
VII. COUNSEL FEES
Each party shall pay for her of his respective counsel fees.
Clarence J. Jones, J.